# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ERIC MODEL,

    PLAINTIFF,

VS.                                                           CASE NO.: CV-09-J-349-S

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    DEFENDANT.

## MEMORANDUM OPINION

    This matter is before the court on the record and the briefs of the parties. This Court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal or remand of a final decision of the Commissioner of Social Security. All administrative remedies have been exhausted.

    The plaintiff applied for disability insurance benefits and supplemental security income due to "severe pain in back, neck , arms, and my left leg...." (R. 128).  The applications, seeking benefits from March 30, 2004, to the present were denied (R. 70-71).  A hearing in front of an administrative law judge (ALJ) was subsequently held, but there is no transcript of the testimony contained in the record before this court.  A supplemental hearing was then held, for the purpose of obtaining testimony from a medical expert (ME) (R. 21-68).  However, the ME first testified about the wrong medical records (R. 27-35), and then had to have missing medical records read

to him by the ALJ and plaintiff's counsel (R. 37-49).[1]  The ALJ thereafter rendered an opinion finding that the plaintiff was not entitled to disability or supplemental insurance benefits at any time through the date of the decision (R. 16-20).  The ALJ further determined that the plaintiff was capable of returning to past relevant work (R. 19).

The plaintiff's request for administrative review of the ALJ's decision by the Appeals Council was denied (R. 5-7), making the ALJ's decision the final order of the Commissioner of Social Security.  *See* 42 U.S.C.§ 405(g).  This action for judicial review of the agency action followed (doc. 1).  The plaintiff asserts that three errors requiring reversal have occurred, namely the ALJ's failure to consider plaintiff's allegations of pain, the ALJ accorded improper weight to medical opinions, and the record is incomplete as the testimony from the first hearing is missing.

Medical records clearly establish that the plaintiff suffers from a herniated disc at the C6-C7 level, as well as degenerative disc disease.  Although other ailments are not so clearly established, the ALJ found the plaintiff to suffer from osteoarthritis at the C5-C6 level, a degenerative disc disease of the cervical spine, and the herniated disc of the cervical spine at the C6-C7 level and(R. 17).  He did not mention the "broad-based bulge" at the C7-T1 level (R. 196).

---

[1] The record before this court is indeed missing the transcript of the first hearing.  The defendant states that it "obtained a transcript of that testimony and is filing a supplemental transcript with this court."  No such supplement has been filed.  Further pages 220-249 of the record before this court are merely duplicative of other pages in the record.

The plaintiff was offered and declined both surgery and physical therapy (R. 181, 214). The plaintiff claims an inability to perform substantial gainful activity due to disabling pain, which has required methadone, as well as other pain killers, to control. However, the ALJ engaged in no discussion of the plaintiff's subjective complaints of pain. He does not find the complaints credible, nor does he reject them. Rather, the ALJ wholly fails to mention them at all.

The Eleventh Circuit requires that, when a plaintiff testifies as to "his subjective complaints of disabling pain and other symptoms, the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptons." *Dyer v. Barnhart*. 395 F.3d 1206, 1210 (11th Cir.2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir.1995)). The court in *Dyer* continued:

> "Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court." 67 F.3d at 1562 (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir.1983)). The credibility determination does not need to cite "'particular phrases or formulations'" but it cannot merely be a broad rejection which is "'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'" *Foote,* 67 F.3d at 1561 (quoting *Jamison v. Bowen,* 814 F.2d 585, 588-90 (11th Cir.1987)).

*Dyer,* 395 F.3d at 1210-1211. Given the record and the decision of the ALJ, this court cannot conclude that the ALJ considered the plaintiff's medical condition as a

whole.  Not only did the ALJ fail to articulate reasons for rejecting plaintiff's subjective complaints, he also failed to recognize that the plaintiff even had subjective complaints.[2]  This, coupled with the failure of the agency to include the plaintiff's testimony in his first hearing, requires this court to remand this case to the agency.

Having considered the foregoing, and being of the opinion that this case is due to be remanded to the Commissioner for supplementation of the record with the plaintiff's hearing transcript, and for the ALJ to, in compliance with relevant law, adequately explain whether or not the plaintiff's subjective complaints of pain were considered;

It is therefore **ORDERED** by the court that this case is **REVERSED** and **REMANDED** to the Commissioner for the reasons set forth herein.

**DONE** and **ORDERED** the 1st day of October, 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[2]The Agency asserts that "[t]he ALJ properly considered Plaintiff's subjective complaints of disabling pain and other symptoms in determining her (sic) residual functioning capacity (Tr. 28-33)."  Defendant's brief, at 5.  The court notes this citation is to the portion of the ME's testimony that addressed the wrong person's medical records.  Thus, it neither involves the plaintiff, nor any consideration by the ALJ of anything.